UNITED STATES of America,
Plaintiff–Appellee

v.

Johnny JOHNSON, Defendant–
Appellant.

No. 13–50039
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 18, 2013.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Stephanie Erin Brunson, Esq., Midland, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM: *

The attorney appointed to represent Johnny Johnson has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir.2011). Johnson has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

Luis Alberto VASQUEZ–HERNANDEZ, also known as Luisd Alberyo Vasquez–Hernandez, Petitioner

v.

Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.

No. 13–60167
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 18, 2013.

Luisd Alberyo Vasquez–Hernandez, Houston, TX, for Petitioner.

Janette Louise Allen, Esq., Trial Attorney, Tangerlia Cox, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before KING, DAVIS, and ELROD, Circuit Judges.

published and is not precedent except under

PER CURIAM: *

Luis Alberto Vasquez–Hernandez, a native and citizen of Mexico, seeks our review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal of a decision of the Immigration Judge (IJ) that denied his applications for withholding of removal and relief under the Convention Against Torture (CAT). During his removal proceedings, Vasquez–Hernandez claimed that he was entitled to relief because there was a clear probability that he would be recruited by a drug cartel if he were returned to Mexico due to his membership in a particular social group, specifically young men recruited by cartels, and because there was a clear probability that he would be kidnaped and held for ransom due to his membership in another particular social group, specifically persons who have lived in the United States and are thus perceived as wealthy. In addition, he claimed relief under the CAT due to his fear of torture.

The respondent has moved for summary disposition, arguing that Vasquez–Hernandez's issues are foreclosed by *Castillo–Enriquez v. Holder,* 690 F.3d 667, 668 (5th Cir.2012), and *Orellana–Monson v. Holder,* 685 F.3d 511, 521–22 (5th Cir.2012). Vasquez–Hernandez opposes the motion.

Summary disposition is not appropriate in this case, and the respondent's motion is thus denied. *See United States v. Holy Land Found. for Relief and Dev.,* 445 F.3d 771, 781 (5th Cir.2006). However, because the record before us does not compel findings different from those of the IJ or the BIA, *see Chen v. Gonzales,* 470 F.3d 1131, 1134 (5th Cir.2006), we dispense with further briefing.

Vasquez–Hernandez's claim that his proposed social group, young men who are recruited by cartels, lacks the requisite particularity to be cognizable for purposes of withholding of removal. *See Orellana–Monson,* 685 F.3d at 521–22. Vasquez–Hernandez's claim that his proposed social group, individuals returning to Mexico from the United States who are perceived as wealthy, likewise lacks the requisite particularity to be cognizable for purposes of withholding of removal; moreover, economic extortion is not a form of persecution under immigration law. *See Castillo–Enriquez,* 690 F.3d at 668.

Finally, concerning Vasquez–Hernandez's application for relief under the CAT, he presented no evidence of past torture, *see* 8 C.F.R. § 208.16(c)(3), or evidence that, if deported to Mexico, it is more likely than not that he will suffer torture by the instigation or acquiescence of the Mexican government. 8 C.F.R. § 208.16(c)(2); *Chen,* 470 F.3d at 1139. In light of the foregoing, Vasquez–Hernandez's petition for review is denied.

DISPENSE WITH FURTHER BRIEFING; MOTION FOR SUMMARY DISPOSITION DENIED; PETITION FOR REVIEW DENIED.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.